# UNITED STATES DISTRICT COURT

## MIDDLE DISTRICT OF LOUISIANA

**DENETRA BOUDREAUX**                     **CIVIL ACTION**

**VERSUS**                                        **NO. 17-1158-JJB-EWD**

**MELVIN REDMON, ET AL.**

## NOTICE AND ORDER

This is a civil action involving claims for damages based upon the injuries allegedly sustained by Denetra Boudreaux ("Plaintiff"), as a result of a motor vehicle accident that occurred on or about August 29, 2016.[1] On or about August 30, 2017, Plaintiff filed a Petition for Damages against Melvin Redmon, Davis Distributing, Inc. and Travelers Property Casualty Insurance Company (collectively, "Defendants") in the Nineteenth Judicial District Court for the Parish of East Baton Rouge, State of Louisiana.[2] The matter was removed to this Court on October 18, 2017 by Redmon, Davis Distributing, Inc., Davis Gate & Wire Manufacturing, Inc.[3] and Travelers Property Casualty Company of America[4] on the basis of diversity jurisdiction under 28 U.S.C. § 1332(a).[5]

Despite the assertion by the removing parties that Davis Gate & Wire Manufacturing, Inc. and Travelers Property Casualty Company of America were incorrectly named in the state court

---

[1] R. Doc. 1-1 at ¶¶ 3-4.
[2] R. Doc. 1-1.
[3] The Notice of Removal states that it was filed by "DAVIS GATE & WIRE MANUFACTURING, INC. (incorrectly named as and Davis Distributing, Inc.) . . . ." R. Doc. 1 at Introductory Paragraph.
[4] The Notice of Removal alleges that Travelers Property Casualty Company of America was incorrectly named as Travelers Property Casualty Insurance Company in the state court Petition for Damages. *See,* R. Doc. 1 at Introductory Paragraph.
[5] R. Doc. 1 at ¶ 2. The removing parties assert that removal is timely under 28 U.S.C. § 1446(b)(3) because it was filed within 30 days of Plaintiff advising the Defendants on October 16, 2017 that Plaintiff's damages meet or exceed the jurisdictional amount for removal to federal court based on diversity of citizenship. *See,* R. Doc. 1 at ¶ 7.

Petition for Damages, 28 U.S.C. § 1441(a) provides that, "Except as otherwise expressly provided by Act of Congress, any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the **defendant or the defendants**, to the district court of the United States for the district and division embracing the place where such action is pending." 28 U.S.C. § 1441(a) (emphasis added). In an unpublished opinion, the Fifth Circuit has stated that, "Under 28 U.S.C. § 1441(a), only a defendant may remove a civil action from state court to federal court. A non-party, even one that claims to be a real party in interest, lacks the authority to institute removal proceedings." *De Jongh v. State Farm Lloyds*, 555 F. App'x 435, 437 (5th Cir. 2014) (citing *Salazar v. Allstate Tex. Lloyd's, Inc*., 455 F.3d 571, 575 (5th Cir. 2006)). The *De Jongh* court further explained that, "In *Salazar*, we held, under facts nearly identical to those here, that a district court cannot 'create removal jurisdiction based on diversity by substituting parties.'" *De Jongh*, 555 F. App'x at 438 (citing *Salazar*, 455 F.3d at 573). However, other courts in this Circuit have distinguished situations in which a removing party is merely misnamed (*i.e*., all parties agree that the removing party is the proper defendant) and the court "would not be manufacturing diversity jurisdiction based on inserting defendants into or dismissing them from a case." *Lefort v. Entergy Corp*., Civ. A. No. 15-1245, 2015 WL 4937906, at *3 (E.D. La. Aug. 18, 2015).

Here, Plaintiff's Petition for Damages alleges the following:

> 4.
> Suddenly and without warning, the vehicle operated by MELVIN REDMON left its lane of travel and collided into the side of the vehicle operated by DENETRA BOUDREAUX.
> 5.
> The collision caused by the negligence of MELVIN REDMON caused serious injuries to DENETRA BOUDREAUX.
> 6.
> In no way did DENETRA BOUDREAUX contribute to any cause of this accident.

7.

Upon information and belief, at the time of the accident, MELVIN REDMON was in the course and scope of his employment with DAVIS DISTRIBUTING, INC.

. . . .

10.

Petitioners are informed, believes, and therefore alleges that at the time of the accident the defendant, TRAVELERS PROPERTY CASUALTY COMPANY OF AMERICA, had issued a liability insurance policy to MELVIN REDMON and/or DAVIS DISTRIBUTING, INC., insuring MELVIN REDMON and/or DAVIS DISTRIBUTING, INC. and the vehicle REDMON operated, and under the laws of the State of Louisiana, was in full force and effect at the time of the accident, and which insurance inures to the benefit of Petitioners under the provisions of the Louisiana Direct Action Statute, L.A. R.S. 22:1269.

11.

Petitioners further allege on information and belief that under the terms of the said policy, TRAVELERS PROPERTY CASUALTY COMPANY OF AMERICA obligated itself to pay any and all damages caused to others as a result of the negligence of MELVIN REDMON in the operation of said vehicle, and the vehicle being driven by MELVIN REDMON, described above, was covered by said policy at the time of said collision.[6]

Based on the allegations set forth in Plaintiff's Petition for Damages, it appears that Plaintiff intended to name Melvin Redmon's employer as a defendant. It also appears that Plaintiff intended to name as a defendant the insurance company that had issued an insurance policy to Melvin Redmon and/or Redmon's employer that allegedly provides coverage for the underlying accident.

With respect to subject matter jurisdiction, the Notice of Removal contains the following allegations regarding the citizenship of the parties:

2. Plaintiff names as defendants (1) Melvin Redmon, (2) Davis Distributing, Inc., and (3) Travelers Property Casualty Insurance Company. Plaintiff alleges that all defendants are nonresidents

---

[6] R. Doc. 1-1 at ¶¶ 4, 5, 6, 7, 10, 11.

and/or foreign companies. Melvin Redmon is a resident of and domiciled in the State of Kentucky. Davis Distributing, Inc. (and Gate & Wire Manufacturing, Inc.) is formed under the laws of and has its principal place of business in the State of Kentucky. Travelers Property Casualty Insurance Company (and Travelers Property Casualty Company of America) is a foreign insurance company, formed under the laws of and has its principal place of business in the State of Connecticut. Consequently, diversity of citizenship as defined by 28 U.S.C. §§ 1332(a) exists.[7]

Proper information regarding the citizenship of all parties is necessary to establish the Court's diversity jurisdiction, as well as to make the determination required under 28 U.S.C. § 1441 regarding whether the case was properly removed to this Court. Citizenship has not been adequately alleged in the Notice of Removal. While the citizenship of Melvin Redmon, Davis Distributing, Inc., Davis Gate & Wire Manufacturing, Inc., Travelers Property Casualty Insurance Company and Travelers Property Casualty Company of America has been adequately alleged,[8] the Notice of Removal contains no allegation regarding the citizenship of the plaintiff, Denetra Boudreaux. The Fifth Circuit has explained that, "For diversity purposes, citizenship means domicile; mere residence in the State is not sufficient." *Mas v. Perry*, 489 F.2d 1396, 1399 (5th Cir. 1974) (citations omitted).

To the extent that the removing parties allege Davis Gate & Wire Manufacturing, Inc. and Travelers Property Casualty Company of America are diverse from Plaintiff, the question of which entity is the proper employer defendant and which entity is the proper insurer defendant does not

---

[7] R. Doc. 1 at ¶ 2.

[8] With respect to Melvin Redmon, the Fifth Circuit has explained that, "For diversity purposes, citizenship means domicile; mere residence in the State is not sufficient." *Mas v. Perry*, 489 F.2d 1396, 1399 (5th Cir. 1974) (citations omitted). With respect to Davis Distributing, Inc., Davis Gate & Wire Manufacturing, Inc., Travelers Property Casualty Insurance Company and Travelers Property Casualty Company of America, the Fifth Circuit has held that "For diversity jurisdiction purposes, a corporation is a citizen of the state in which it was incorporated and the state in which it has its principal place of business." *Getty Oil, Div. of Texaco v. Ins. Co. of North America*, 841 F.2d 1254, 1259 (5th Cir. 1988) (*citing* 28 U.S.C. § 1332(c)). Thus, to properly allege the citizenship of a corporation, a party must identify the place of incorporation and the corporation's principal place of business in accordance with the requirements of 28 U.S.C. § 1332(c).

affect whether this Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1332(a) (*i.e.*, the *de facto* substitution of Davis Gate & Wire Manufacturing, Inc. in the place of Davis Distributing, Inc. and the *de facto* substitution of Travelers Property Casualty Company of America in the place of Travelers Property Casualty Insurance Company—to the extent that such substitution would be proper–would not result in the manufacturing of diversity in contravention of *De Jongh*).

Accordingly,

**IT IS HEREBY ORDERED** that Melvin Redmon, Davis Distributing, Inc., Davis Gate & Wire Manufacturing, Inc. and Travelers Property Casualty Company of America shall have seven (7) days from the date of this Notice and Order to file a comprehensive amended Notice of Removal (*i.e.*, it may not refer back to or rely on any previous pleading) without further leave of Court properly setting forth the citizenship particulars required to establish that the Court has diversity jurisdiction over this case under 28 U.S.C. § 1332(a).

Signed in Baton Rouge, Louisiana, on October 20, 2017.

**ERIN WILDER-DOOMES**
**UNITED STATES MAGISTRATE JUDGE**